# HARVEY S. JUSTICE and Another v. F. L. PARSHALL and Another.[1]

October 25, 1912.

Nos. 17,773—(50).

**Verdict sustained by evidence.**

Action to recover the price of a carload of potatoes. Counterclaim that plaintiffs were indebted to defendant for advances on other cars made by him as produce broker. Verdict in favor of defendant for $250. *Held:* There was ample evidence to support the verdict, and there were no reversible errors. [Reporter.]

Action in the municipal court of Minneapolis to recover $383.98, proceeds of a sale of a carload of sweet potatoes. The answer set up six counterclaims against plaintiffs in other shipments to defendant, a fruit and produce broker, and alleged that in each of those shipments plaintiffs drew their draft upon him for the amount specified, which he paid prior to the delivery of each car as an advance

[1] Reported in 137 N. W. 1116.

against the final net proceeds of the contents of such car when finally sold by defendant, under an agreement to repay defendant any difference between the advance and the actual proceeds, that the actual proceeds did not equal the advances, and demanded judgment for $231.81. The reply denied that the respective carloads of sweet potatoes, as set forth in the counterclaims, were ever consigned to defendant on a brokerage basis by agreement or otherwise; that plaintiffs ever agreed to remit or recoup to defendant any amounts of any kind or nature from the purchase price of any of the cars, but alleged that the cars were sold and delivered directly to defendant, by virtue of an agreement mutually agreed upon between the parties, by the terms of which contract title to the respective cars passed immediately to defendant upon payment of the purchase price. The case was tried before Leary, J., and a jury which returned a verdict in favor of defendant for $250.53. From an order denying plaintiffs' motion for a new trial, they appealed. Affirmed.

*Henry Deutsch, Breding & Fligelman* and *Walter S. Whiton,* for appellants.
*Stiles & Devaney,* for respondent.

PER CURIAM.

The question presented to the court below in this case was one of fact, namely, whether in the transaction involved in the action defendant was acting as a broker for the sale of plaintiff's property, or whether he purchased the property outright. The jury solved the question in defendant's favor. Our examination of the record discloses ample evidence to sustain the verdict. There were no reversible errors in the rulings of the court or in its instructions to the jury.

Order affirmed.